UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICARDO FIGUEROA-PADILLA,

    Plaintiff,

v.                                                                  Case No: 6:16-cv-1813-Orl-TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER

Plaintiff Ricardo Figueroa-Padilla appeals to this Court from a final decision of Defendant, the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits and supplemental security income under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§416, 423. After due consideration, the Commissioner's final decision is **reversed and this case is remanded**.

### Background

On March 9, 2015, Plaintiff applied for benefits, alleging disability arising from a variety of impairments, including, among other things, Post-Traumatic Stress Disorder ("PTSD"), lumbar fusion, chronic tinnitus bilateral, GERD, hypertension, and obstructive sleep apnea (Tr. 139-144, 192). He was 36 years old on his July 31, 2014 alleged disability onset date, with past relevant work experience as a logistics specialist in the United States Army (Tr. 184, 193). His claims were denied at the initial level (Tr. 78-80) and he asked for reconsideration which was denied on July 1, 2015 (Tr.81-82, 85-89). At Plaintiff's request, a hearing was held before an administrative law judge ("ALJ") (Tr. 90-91, 32-60). Plaintiff was not represented by counsel or other representative at the

administrative hearing (Tr. 34). The ALJ issued an unfavorable decision on April 4, 2016 (Tr. 12-31). On September 7, 2016, the Appeals Council denied Plaintiff's petition for review of the ALJ's decision (Tr. 1-4). Accordingly, the ALJ's decision became the Commissioner's final decision and this appeal timely followed (Doc. 1). Plaintiff has exhausted his administrative remedies and his case is ripe for review.

## The ALJ's Decision

When determining whether an individual is disabled, the ALJ must follow the five-step sequential evaluation process which appears at 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4). Specifically, the ALJ must determine whether the claimant: (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. See Phillips v. Barnhart, 357 F.3d 1232, 1237-1240 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner to prove that other jobs exist in the national economy that the claimant can perform. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987); Phillips, 357 F.3d at 1241 n.10.

Here, the ALJ performed the required sequential analysis. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date (Tr. 17).[1] At step two, the ALJ determined that Plaintiff suffered from the severe

---

[1] For reasons that are unclear and not explained in the parties' joint memorandum, the ALJ refers to the alleged onset date as April 19, 2013 (Tr. 17). This may relate to an earlier application, which is not at issue here. See Tr. 63. As the parties acknowledge, the applications at issue were filed on March 9, 2015 and reflect an alleged onset date of July 31, 2014, which is the date Plaintiff was discharged from the service (Tr. 138, 140). As reversal is required for other reasons, the ALJ should correct (or explain) this discrepancy on remand.

impairments of PTSD; anxiety; depression; headaches; hypertension; sleep apnea; and degenerative disc disease status post (s/p) spinal fusion with history of chronic back pain (20 CFR 404.1520(c)) (Tr. 17). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (Tr.18). Next, the ALJ decided that Plaintiff had the residual functional capacity to perform light work as defined in 20 CFR § 404.1567(b)

> with no climbing of ladders, ropes or scaffolds; no more than occasional stooping, crouching, crawling, kneeling, or balancing; no exposure to work hazards; and, the ability to change positions at will approximately every fifteen to thirty minutes and perform his duties from both a seated and standing position. He is also limited to simple, routine tasks that require no exposure to the general public.

(Tr. 19).

At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work (Tr. 25). Based on the testimony of a vocational expert, the ALJ determined at step five that, considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform (Tr. 25-26). Consequently, the ALJ concluded that Plaintiff was not under a disability from his alleged onset date through the date of the decision (Tr. 27).

## Standard of Review

The scope of the Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).

Substantial evidence is "more than a scintilla but less than a preponderance. It is such relevant evidence that a reasonable person would accept as adequate to support a conclusion." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted). When the Commissioner's decision is supported by substantial evidence the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" Id. "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (*per curiam*); accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## Discussion

<u>The ALJ's Treatment of the VA's Decision Was Erroneous</u>

Plaintiff served in the army from November of 1998 until he was honorably discharged on July 31, 2014, "due to his medical limitations" (Tr. 20, 36). The Department of Veteran's Affairs ("VA") assigned Plaintiff a disability rating for each of his impairments (Tr. 165, 565). The result is a total disability rating of 90 percent (Id.). Plaintiff's PTSD accounts for 70 of the 90 percentage points (Tr. 565). The ALJ gave "no weight to this outside matter," stating:

> Also notable, the claimant testified at the hearing he is
> involved in the Wounded Warrior Program and underwent
> disability evaluation by the Department of Veteran Affairs (VA)
> in association with his service discharge. Overall, the VA
> found the claimant's combined service-connected evaluation

- 4 -

> to reach a 90% disability rating (Exhibit 5D). The undersigned
> notes that pursuant to 20 CFR Sec. 404.1504, the
> Commissioner is not bound by the decision of another
> government or non-governmental agency. Moreover, the VA
> disability rating system is a vastly different process, and does
> not address numerous factors which are relevant to the issues
> of disability under Social Security Regulation. Therefore, the
> undersigned accords no weight to this outside matter.

(Tr. 24). Plaintiff argues that "[t]he ALJ did not provide adequate reasons for failing to provide the disability rating of the Veteran's Administration great weight" (Doc. 22 at 17).

A VA determination that a claimant is disabled is not a medical opinion from a treating source or an acceptable source and is not entitled to controlling weight or special consideration on that basis. See 20 C.F.R. §§ 404.1502 (defining treating source); 404.1513(a) (defining acceptable medical sources); see also SSR 06-03p, 2006 WL 2329939 (S.S.A.) ("only 'acceptable medical sources' can give us medical opinions" and "only 'acceptable medical sources' can be considered treating sources … whose medical opinions may be entitled to controlling weight."). Still, while not binding, a disability rating from the VA is evidence that should ordinarily be afforded great weight by the ALJ. See Olson v. Schweiker, 663 F.2d 593, 597 n.4 (5th Cir. 1981); see also Rodriguez v. Schweiker, 640 F.2d 682, 686 (5th Cir. Unit A Mar.1981).[2] If the ALJ declines to give a VA disability rating great weight, the ALJ "should state the reasons for doing so in order to allow a reasoned review by the courts." Carbonell v. Comm'r Soc. Sec., Case No. 6:11-cv-400-Orl-22DAB, 2012 WL 1946070, at *5 (M.D. Fla. May 11, 2012), report and recommendation adopted, No. 6:11-CV-400-ORL-22, 2012 WL 1946072 (M.D. Fla. May

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

30, 2012); Bailey v. Comm'r Soc. Sec., No. 6:15-cv-1415-Orl-TBS, 2016 WL 6123367 at *3 (M.D Fla. Oct. 20, 2016); see also Cronin v. Comm'r Soc. Sec., No. 6:10-cv-1765-Orl-DAB, 2012 WL 3984703, at *6 (M.D. Fla. Sept. 11, 1012).

The ALJ considered the VA's disability determination and rejected it because the standard used by the VA is different from the standard used by the Social Security Administration (Tr. 24). This is the only rationale articulated by the ALJ in his decision. Courts throughout the Eleventh Circuit have consistently concluded that "[t]he ALJ's perfunctory rejection of the VA disability rating as based on different criteria from Social Security disability determinations does not indicate that [the ALJ] accorded [the rating] great weight as required by the case law." Hogard v. Sullivan, 733 F. Supp. 1465, 1469 (M.D. Fla. 1990); Gibson v. Astrue, 725 F. Supp. 2d 1347, 1351 (M.D. Fla. 2010); see also Guice v. Colvin, No. 2:14-cv-1850-KOB, 2016 WL 927009, at *12 (N.D. Ala. Mar. 11, 2016); Mobley v. Colvin, No. CV 113-207, 2014 WL 6908781, at *3 (S.D. Ga. Dec. 8, 2014); Cronin, 2012 WL 3984703, at *6; Towner v. Astrue, Case No. 8:11-cv-2258-T-30TBM, 2012 WL 6699627, at *4 (M.D. Fla. Dec. 5, 2012). Even if this is the only error committed by the ALJ, "a remand would be warranted for application of the proper legal standard." Hogard, 733 F. Supp. at 1469; Cronin, 2012 WL 3984703, at *6.

The Commissioner contends that the ALJ "obviously concluded that the rating provided insight into Plaintiff's condition, because he found that Plaintiff's post-traumatic stress disorder, anxiety, depression, headaches, hypertension, sleep apnea, and degenerative disc disease, as diagnosed by VA doctors, were severe impairments" (Doc. 22 at 20). Nonetheless, the Commissioner argues that because the record does not contain an underlying VA decision or opinion, the ALJ could not address the VA's rationale or the specific evidence it relied on in reaching its disability determination, and

therefore did not err. Id. The Commissioner cites Pearson v. Astrue, 271 F. App'x 979, 981 (11th Cir. 2008); Ostborg v. Comm'r of Soc. Sec., 610 F. App'x 907, 914 (11th Cir. 2015); and Adams v. Comm'r of Soc. Sec., 542 F. App'x 854, 856 (11th Cir. 2013), for the proposition that because the standards are different, the ALJ did not err when he gave the disability rating "little weight." I am not persuaded.

The ALJ did not give the VA disability rating "little weight." He gave it "**no** weight," and did so based *solely* on the different standards. This distinguishes this case from those cited by the Commissioner,[3] and is in direct contradiction to SSR 06-03p ("Therefore, evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered."). See generally Salamina v. Colvin, No. 8:12-CV-1985-T-23TGW, 2013 WL 2352204, at *4 (M.D. Fla. May 29, 2013) ("It is recognized that the law judge referred to and discussed the medical records from the VA in her decision. That discussion, however, does not substitute for consideration of the rating decision itself.").

The ALJ also made no mention of the lack of a detailed VA rationale in choosing to give the rating no weight; he said only that the VA uses a different standard and the Commissioner is not bound by this rating.[4] Thus, the Commissioner's current argument is a post-hoc justification which does not provide the basis for judicial review. See Owens v.

---

[3] See Pearson, 271 F. App'x at 981 ("This rating, although given "great weight," was not binding on the administrative law judge."); Ostborg, 610 F. App'x at 913 ('The ALJ also found the VA's disability determination had "little bearing" on Ostborg's claim for Social Security disability benefits, because the VA used a different standard to assess disability and may not have been aware of his hobbies and activities."); Adams., 542 F. App'x at 857 ("although the ALJ did not expressly state that he gave "great weight" to the VA's rating, the record shows that he expressly considered and closely scrutinized it.").

[4] While the ALJ's decision otherwise reflects a review of the medical evidence this does not appear to have played a role in the ALJ's rejection of the VA rating. So, while a remand may not change the result, I am obliged to conclude that one is required.

- 7 -

Heckler, 748 F. 2d 1511, 1516 (11th Cir. 1984) (declining to affirm "simply because some rationale might have supported the ALJ's conclusion."). Even assuming that the ALJ's decision not to accord any weight to the VA rating was, in fact, based upon a perceived absence of supporting rationale for the rating, this does not cure the failure to apply the appropriate legal standard. As another court has noted:

> While it is undoubtedly Plaintiff's burden to prove disability and provide the relevant pieces of medical evidence to support such disability, it is clear to the undersigned that the ALJ failed to properly weigh the disability rating from the VA as a matter of law. To the extent that the Commissioner argues the discount was proper because the ALJ did not have the actual VA disability rating before her, the argument is unavailing.

Daniels v. Berryhill, No. 3:16CV412-WC, 2017 WL 2177336, at *7 (M.D. Ala. May 17, 2017). This is especially so here, as Plaintiff was unrepresented at the hearing. Although Plaintiff waived his right to representation (thus, the special duty of the ALJ to develop the administrative record was not triggered),[5] the ALJ still had a "basic obligation to develop a full and fair record." Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). Plaintiff raised the VA rating at his hearing (Tr. 37) and the ALJ gave Plaintiff no indication that the rating would not be considered for lack of a supporting rationale, nor did the ALJ give any other indication that Plaintiff should supplement the record as to the rating. In view of the circumstances, including the fact that the largest percentage of Plaintiff's VA disability rating pertains to his PTSD-related impairment, which, as the ALJ determined, is severe, I find the cursory rejection of the rating is not in accordance with proper legal standards.

Plaintiff's Remaining Argument

Because remand is required on the issue of the ALJ's treatment of the VA's

---

[5] See Cowart v. Schweiker, 662 F. 2d 731, 734-35 (11th Cir. 1981).

disability rating, it is unnecessary to review Plaintiff's additional objection to the ALJ's decision "since following the remand a new decision will be issued and it could well be by a different law judge." Salamina, 2013 WL 2352204, at *4; Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1991)).

## Conclusion

**ORDERED** that:

(1) The Commissioner's final decision is **REVERSED AND REMANDED** for further proceedings consistent with the findings in this Order.

(2) The Clerk is directed to enter judgment and **CLOSE** the file.

(3) Plaintiff is advised that the deadline to file a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) shall be thirty (30) days after Plaintiff receives notice from the Social Security Administration of the amount of past due benefits awarded.

(4) Plaintiff is directed that upon receipt of such notice, she shall promptly email Mr. Rudy and the OGC attorney who prepared the Commissioner's brief to advise that the notice has been received.

**DONE** and **ORDERED** in Orlando, Florida on August 29, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record